# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                                                          No. 4:19-CR-00625-DPM-2

WILLIAM SHARP

## REPORT AND RECOMMENDATION

**I.     Procedures for Filing Objections**

This Report and Recommendation has been sent to Chief Judge D.P. Marshall Jr. Parties may file objections if they disagree with the findings or conclusions set out in this Report and Recommendation. To object to a finding or recommendation, a party must specifically identify the finding or conclusion believed to be erroneous and explain why the party believes it to be in error.

To be considered, objections must be filed within 14 days. Parties who fail to file objections within the time allowed risk waiving the right to later contest the findings and conclusions set out below.

**II.    Findings of Fact**

Defendant William Sharp appeared with his lawyer, Molly Sullivan, on February 10, 2023, to enter a plea of guilty to Count I of the Indictment charging him with Conspiracy to Possess with Intent to Distribute Methamphetamine in

violation of Title 21 U.S.C. Sections 841(a)(1), 841(b)(1)(A) and 846.[1] Mr. Sharp consented to magistrate judge jurisdiction for the change-of-plea hearing with the concurrence of his lawyer.[2] Assistant United States Attorney Kristin Bryant, appearing on behalf of the government, also consented to magistrate judge jurisdiction for purposes of this hearing.

Mr. Sharp acknowledged having had meaningful conversations with his lawyer about his constitutional rights, the charges against him in the Indictment, the federal sentencing guidelines, the possible penalties he faces, and the terms of the parties' plea agreement under Fed. R. Crim. P. 11(c)(1)(A) and (B).[3] Mr. Sharp affirmed his full satisfaction with Ms. Sullivan's representation and work on his behalf.

Before entering his guilty plea, Mr. Sharp acknowledged the possible criminal penalties that will result from a guilty plea, specifically: a prison sentence of not less than 10 years and not more than life; a fine of not more than $10,000,000; a term of supervised release of not less than 5 years; and a special penalty assessment of $100. Mr. Sharp acknowledged that the sentence to be

---

[1] Chief United States District Judge D.P. Marshall Jr., the presiding district judge in this case, referred this Defendant's change-of-plea hearing to me for a report and recommendation. *Doc. 82.*

[2] *Doc. 87*

[3] *Docs. 88, 89.*

imposed is solely Chief Judge Marshall's decision, notwithstanding the stipulations in the parties' plea agreement.

At the hearing, Mr. Sharp expressed his understanding that, by pleading guilty to Count I of the Indictment and entering into the plea agreement, he is waiving (giving up) many of his constitutional rights, including: the right to a trial by jury; the right to remain silent; the right to compel witnesses to testify on his behalf; the right to cross-examine (through counsel) witnesses against him; and the right to appeal or attack his conviction and sentence, in almost all circumstances.

Mr. Sharp confirmed that he is pleading guilty to the crime of Conspiracy to Possess with Intent to Distribute Methamphetamine because he is actually guilty of that offense. Specifically, he admitted at the hearing that, in February and March of 2019, he and a codefendant knowingly and intentionally possessed at least 50 grams, but less than 150 grams, of methamphetamine (actual) with the intent of distributing the drugs.

Ms. Sullivan concurred in Mr. Sharp's decision to plead guilty to Count I of the Indictment and stated her opinion that Mr. Sharp is fully competent to enter an informed guilty plea. Ms. Sullivan also stated that, in her opinion, Mr. Sharp's decision to plead guilty is made intelligently and with full knowledge of the charges and the consequences of a guilty plea.

Based on Mr. Sharp's demeanor at the hearing, his responses to my questions, and his admissions in open court, I find that he is fully competent to enter a knowing and voluntary plea of guilty. I further find that Mr. Sharp's guilty plea is supported by an independent basis in fact as to each essential element of the offense of Conspiracy to Possess with Intent to Distribute Methamphetamine, a Schedule II controlled substance.

I also find that the parties' plea agreement is a fair, reasonable resolution to this case. The evidence against Mr. Sharp is compelling; and the Government has agreed to dismiss Count 2 of the Indictment, which charges Mr. Sharp and his codefendant with distributing 50 grams or more of methamphetamine.

### III. Recommendations

I recommend that Chief Judge Marshall accept Defendant Sharp's plea of guilty to the crime of Conspiracy to Possess with Intent to Distribute Methamphetamine in violation of Title 21 U.S.C. Sections 841(a)(1), 841(b)(1)(A), and 846, as charged in Count I of the Indictment, and adjudge Defendant William Sharp guilty of that offense.

I further recommend that Chief Judge Marshall adopt the parties' plea agreement as a reasonable, just resolution to this case; and that he dismiss Count II of the Indictment as to Defendant Sharp, pursuant to the parties' plea agreement.

DATED this 13th day of February, 2023.

                                                      UNITED STATES MAGISTRATE JUDGE